IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXA ROSETTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-01452-SVN |
| | § | |
| CAPIO PARTNERS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Capio Partner's LLC ("Capio") by and through undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c).

Plaintiff brings this action for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b, *et seq.* Specifically, Plaintiff contends that Capio, a debt collector, in its attempt to collect Plaintiff's debt:

> (1) "did not provide the notice required by 15 U.S.C. § 1692g[1], thereby failing to adequately inform the Plaintiff as to the true legal status of the Debt, as well as the potential ramifications resulting from non-payment" (Count I);

---

[1] Section 1692g provides, in pertinent part:
**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
**(1)** the amount of the debt;
**(2)** the name of the creditor to whom the debt is owed;

1

(2)    violated 15 U.S.C. § 1692e and 1692e(2)(a)[2] by sending plaintiff "Misleading Texts" that falsely represented the character, amount, or legal status of Plaintiff's debt, "which was time barred from collection by the statute of limitations" and by sending plaintiff a "Collection Notice" that was deceptive because it advised on the back of the letter (as opposed to the front) that Capio "'will not sue' and 'will not report' the alleged Debt because of its age" (Count II);

(3)    violated 15 U.S.C. § 1692f [3] "by failing to place the notice that Defendant would not sue Plaintiff for the Debt in a prominent place" (Count III);

(4)    violated 15 U.S.C. § 1692d[4] by sending Plaintiff collection texts "despite Plaintiff being registered on the Do Not Call Registry" (Count IV); and

(5)    engaged in an unfair and deceptive act or practice in violation of CUTPA § 42-110b[5] by sending Plaintiff texts that "failed to disclose that the

---

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[2] Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  … (2) The false representation of -- (A) the character, amount, or legal status of any debt."

[3] Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

[4] Section 1692d provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

[5] Section 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

Debt was unenforceable in court due to the expiration of the statute of limitations" (Count V).

There is no basis for Plaintiff's action. Indeed, Capio sent Plaintiff an initial collection letter; a debt collector is permitted to collect a time-barred debt in Connecticut; Capio's "Time-Bar Disclosure" is compliant with Connecticut statutory law, and its placement in a subsequent/follow up letter is not violative of the FDCPA; the Do Not Call Registry does not apply to debt collectors; and there can be no violation of CUTPA given that Capio's debt communications comply with Connecticut statutory law and the FDCPA, and, nonetheless, Plaintiff cannot prove an ascertainable loss.

For these reasons, Capio submits the Court should grant its Motion and Dismiss Plaintiff's Complaint with prejudice.

## **PLEADING STANDARD**

The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Fed. R. Civ. 12(b)(6). *Forman v. Academy Collection Service, Inc.*, 388 F. Supp. 2d. 199, 201-02 (S.D.N.Y. 2005). Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the

speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Twombly*) (footnote omitted); *Iqbal v. Hasty,* 490 F.3d 143 (2d Cir. 2007) (stating that *Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

Any document attached to a pleading or adopted by reference therein becomes a part of the pleading for all purposes. Fed. R. Civ. P. 10(c); *Forman*, 388 F. Supp. 2d at 202; *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied, Cortec Indus., Inc. v. Westinghosue Credit Corp.,* 503 U.S. 960 (1992).

## LAW AND ARGUMENT

**A.  A debt collector is permitted to collect a time-barred debt in Connecticut.**

As the Court is aware:

> Connecticut courts have long held that "[t]he Statute of Limitations creates a defense to an action. It does not erase the debt.... [T]he defense can be lost by an unequivocal acknowledgment of the debt, such as ... an unqualified recognition of the debt, or a payment on account." *Wells v. Carson* 140 Conn. 474, 476, 101 A.2d 297 (1953) (citing *Potter v. Prudential Ins. Co.,* 108 Conn. 271, 280, 142 A. 891 (1928); *Sears v. Howe,* 80 Conn. 414, 417, 68 A. 983 (1908)). Since the running of the statute of limitations does not extinguish a debt, courts have permitted debt collectors to send collection letters for time-barred debt where the letters do not threaten collection action. *See Wallace v. Capital One Bank,* No. CIV. JFM–00–2290, 2001 WL 357301, at *2 (D.Md. April 6, 2001). Courts have also found that absent a threat of litigation or other remedy that the debt collector could not legally pursue, there is no FDCPA violation in attempting to collect on a time-barred debt. *See Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767 (8th Cir.2001); *Johnson v. Capital One Bank,* No. Civ.A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D.Tex. May 19, 2000).

*Gervais v. Riddle & Associates, P.C.*, 479 F.Supp.2d 270, 273 (D. Conn. 2007).

4

Further, when attempting to collect a time-barred debt, it is required in Connecticut that the debt collector include a Time-Bar Disclosure only in its *initial* communication.[6] Pursuant to Conn. Gen. Stat. § 36a-805, and the requirements of collection agencies:

> No consumer collection agency … shall: (13) when the debt is beyond the statute of limitations, fail to provide the following disclosure in a type not less than ten-point informing the consumer debtor in its **initial** communication with such consumer debtor that … (B) when collecting on debt that is past the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 USC 1681c: "The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) will not sue you for it and (INSERT OWNER NAME) will not report it to any credit reporting agencies."

Conn. Gen. Stat. § 36a-805(a)(13(B).  (Emphasis added.)

### 1. Capio sent plaintiff an initial collection letter that is compliant with Connecticut law and the FDCPA.

Capio sent Plaintiff an initial collection letter (dkt. 9-1) that is compliant with section 1692g of the FDCPA (*see* n. 1), Regulation F[7] and Conn. Gen. Stat. § 36a-

---

[6] Capio's initial collection letter (dkt. 9-1) is dated June 3, 2025.  Capio's subsequent/follow-up letter about which Plaintiff complains (dkt. 1-2) is dated August 21, 2025.

[7] *See Hinojosa v. Robert E. Judge PC,* 2025 WL 1414030, at n. 2 (S.D.N.Y. Apr. 16, 2025) ("Under FDCPA, a debt collector who contacts a consumer "in connection with the collection of any debt" is required to send the consumer a written notice, known as a validation notice, disclosing the amount of the debt, the name of the creditor to whom the debt is owed, and explaining (among other things) how the consumer can dispute the debt or obtain additional information. 15 U.S.C. § 1692g(a).  The CFPB's implementing regulations mandate the precise content of a debt collector's written validation notice, *see* 12 C.F.R. § 1006.34(c) – including both mandatory and optional language – and provide a "safe harbor" for debt collectors who use the agency's Model Form B-1 as their validation notice. Form B-1 (appended to 12 C.F.R. Part 1200) "contains the validation information required by paragraph (c) of this section," as well as "certain optional disclosures permitted by paragraph (d)(3) of this section." 12 C.F.R. § 1006(d)(2). Thus, "[a] debt collector who uses Model Form B-1 complies with the information and form requirements of paragraphs (c) and (d)(1) of this section." *Id."*)

805(a)(13)(B). Indeed, Capio's letter (dkt. 9-1) mirrors Model Form B-1, promulgated by the Consumer Financial Protection Bureau ("CFPB")[8] and includes, among other required language, the Time-Bar Disclosure required by Conn. Gen. Stat. § 36a-805(a)(13)(B). Capio's letter states:

> The law limits how long you can be sued on a debt. Because of the age of your debt, Capio will not sue you for it and Capio will not report it to any credit reporting agencies.

*See* Dkt. 9-1 and § 36a-805(a)(13)(B).

Accordingly, Plaintiff's Count I must be dismissed.

**B.     Capio's texts and August 21, 2025, letter are not violative of section 1692e.**

Capio's texts are not illustrative of deceptive conduct nor a misleading representation of the legal status of Plaintiff's debt.

As stated, *supra*, a debt collector (1) is permitted to collect a time-barred debt, and (2) is only required to provide a Time-Bar Disclosure in its *initial* communication. As shown, Capio's *initial* communication (dkt. 9-1) contains the Time-Bar Disclosure. Thus, Capio's texts do not falsely represent the character, amount, or legal status of plaintiff's debt in violation of section 1692e(2)(A).

Similarly, Capio's August 21, 2025 letter (dkt. 1-2) is not false, deceptive, or misleading in violation of section 1692e. Again, the Time-Bar Disclosure about which plaintiff complains is only required in the *initial* collection letter. Thus, plaintiff's

---

[8] *See* www.consumerfinance.gov/rules-policy/regulations/1006/b/ and compare model form to Capio's initial collection letter. Specifically, Capio's letter is verbatim the Model Form B-1 provided in Appendix B on 12 C.F.R. § 1006.34, *et seq*.

complaint about the location of the Time-Bar Disclosure in Capio's subsequent/follow-up letter is bereft of support. Further, plaintiff is presumed (indeed, obligated) to read Capio's letter with care and completely to its end, thus shielding Capio from bizarre and idiosyncratic interpretations. *See Greco v. Trauner Cohen & Thomas, L.L.P.*, 412 F3d 360, 363 (2d. Cir. 2005). Finally, it is well-settled that the Court is "not concerned with mere technical falsehoods[9] that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donahue v. Quickcollect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). *See also Hahn v. Triumph Partnerships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA] – even if it is false in some technical sense."); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (citing with approval and concurring with the Seventh Circuit's adoption of a materiality element into claims based on a false or misleading statement under § 1692e.)

Accordingly, Plaintiff's Count II must be dismissed.

**C.    There is no basis for Plaintiff's section 1692f claim.**

Plaintiff's section 1692f claim fails for two reasons.

First, it is redundant of her other claims. Section 1692f is the FDCPA's "catchall" provision, meaning that it covers abusive conduct that is not covered by some more-specific FDCPA provision. *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y.

---

[9] Capio does not concede a falsehood or violation of any kind.

2006). Thus, a § 1692f claim fails if it is not based on "any misconduct beyond that which [the plaintiff] assert[s] violate[s] other provisions of the FDCPA." *Id*. Plaintiff's § 1692f claim is based on the same alleged conduct as her other claims; thus, it is duplicative and should be dismissed.

Second, to qualify as "unfair or unconscionable" for purposes of § 1692f, the defendant's conduct must be "shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness." *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017). Capio's placement of a Time-Bar Disclsoure on the second page of a follow up letter that the law holds plaintiff responsible for reading with care does not rise to this level.

Accordingly, Plaintiff's Count III must be dismissed.

**D.    There is no basis for Plaintiff's Do Not Call Registry claim**

The Do Not Call Registry does not apply to debt collectors such as Capio. Indeed, the National Do Not Call Registry is enforced by the FTC through 16 C.F.R. § 310, the Telemarketing Sales Rule; and the FCC under the TCPA. Accordingly, <u>the National Do Not Call Registry **applies to telemarketing calls**—calls encouraging the purchase or rental of, or investment in, property, goods, or services.</u> See 16 C.F.R. § 310.2(ii) (definition of "telemarking"); see also 47 C.F.R. § 64.1200(f)(13) (same).

Plaintiff also complains that Capio's 7 texts between June 17, 2025 and August 28, 2025,[10] a 10-week period, is illustrative of harassing conduct. Recognizing that a text is

---

[10] *See* Pl's Compl. at ¶¶ 21, 23, 25, 27, 29, 31, and 35.

analogous to a phone call, it is irrefutable that there is no basis for Plaintiff's claim arising out of 7 texts over a 10-week period. *See Conover v. BYL Collections Servs., LLC*, 2012 WL 4363740 (W.D.N.Y. 2012 (27 calls in 3 months is not harassment); *Hinderliter v. Diversified Consultants, Inc.*, 2012 WL 3888148 (N.D.N.Y. 2012) (no violation arising out of 36 calls in 2.5 months); *Chavious v. CBE Group, Inc.*, 2012 WL 113509 (E.D.N.Y. 2012) (no violation arising out of 36 calls in 2 months); *Nigro v. Mercantile Adjustment Bureau, LLC,* 2013 WL 951497 (W.D.N.Y. 2013) (no violation arising out of 72 calls in 9 months and where plaintiff never requested the collector cease calls).

Accordingly, Plaintiff's Count IV must be dismissed.

**E.    There is no basis for Plaintiff's CUTPA claim.**

Plaintiff's CUTPA claim is premised upon the same allegations as Plaintiff's Count I and II and thus must be dismissed for the same reasons as expounded upon, *supra*.

What's more, Plaintiff cannot prove an ascertainable loss as a result of receiving texts relative to an outstanding debt:

> To prevail on a claim under CUTPA, a plaintiff must demonstrate that he or she suffered "ascertainable loss of money or property, real or personal" as a result of the conduct prohibited by the Act. CONN. GEN.STAT. § 42–110g(a); *see Hinchliffe v. Am. Motors Corp.,* 184 Conn. 607, 615, 440 A.2d 810, (1981) ( "The ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief."). CUTPA's ascertainable loss requirement applies to violations of the FDCPA, and in this regard <u>courts in this district have consistently held that false communications[11] from a debt collector alone, without further damage to a plaintiff, are insufficient to constitute ascertainable loss</u>. *See Goins v. JBC & Assocs., P.C.,* 352 F.Supp.2d 262, 275 (D.Conn.2005); *Maguire v. Citicorp Retail Servs.,*

---

[11] Capio, as stated throughout its memoranda, does not concede it made any false communications. However, even if it did, plaintiff has not suffered any damage.

*Inc.,* No. CIV 3:95CV2113 (AHN), 1997 WL 280540, at *6 (D.Conn. May 19, 1997), *aff'd in part, vacated and remanded in part on other grounds,* 147 F.3d 232 (2d Cir.1998); *Tragianese v. Blackmon,* 993 F.Supp. 96, 100 (D.Conn.1997); *Young v. Citicorp Retail Servs., Inc.,* No. CIV. 3:95CV1504 (AHN), 1997 WL 280508, at *6–7 (D.Conn. May 19, 1997), *aff'd,* 159 F.3d 1349 (2d Cir.1998); *Krutchkoff v. Fleet Bank, N.A.,* 960 F.Supp. 541, 550 (D.Conn.1996).

*Gervais,* 479 F.Supp.2d at 279-80. (Emphasis and footnote added.)

## CONCLUSION

For the foregoing reasons, Court should grant this Motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

/s/ *Aaron R. Easley*
Aaron R. Easley, Esq. (CT28909)
SESSIONS, ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822
Telephone: (908) 237-1660
Facsimile: (877) 344-0661
Email: aeasley@sessions.legal

*Attorney for Defendant,*
*Capio Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of Connecticut, and served via CM/ECF upon the following:

Karl D. Shehu, Esq.
SHEHU LEGAL, LLC
590 Middlebury Road, Suite F, Box 271
Middlebury, Connecticut 06762
Telephone: (203) 527-0073
Facsimile: (203) 841-1151
Email: karl.d.shehu@shehulegal.com
*Attorney for Plaintiff*

                /s/ *Aaron R. Easley*
                Aaron R. Easley, Esq.